SEAPORCEL METALS, INC. *vs.* PROFESSIONAL REALTY, INC.

DECEMBER 18, 1962.

PRESENT: Roberts, Paolino, Powers and Frost, JJ.

FROST, J. This is an action of assumpsit wherein the plaintiff sought to recover for the materials furnished and work and labor performed in the construction of a gasoline station on property in the city of Providence owned by the defendant. The ad damnum was laid at $3,000 but in the course of the trial was raised without objection to $4,000. The case was tried before a justice of the superior court without the intervention of a jury and resulted in a decision for the plaintiff for $3,364.77, which included interest of $688.77 figured from the date of the writ. The case is before us solely on the defendant's exception to the decision of the trial justice. Its other exception being neither briefed nor argued is deemed to be waived.

The declaration contains three counts. The first alleges the breach of an agreement to pay for labor and materials; the second, the breach of an agreement to secure in escrow the agreed price of such labor and materials to assure payment thereof to the plaintiff; while the third is the common count for goods sold and labor performed. The defendant pleaded the general issue.

In the spring of 1957 defendant desired to have erected a gasoline station on its land at the corner of Courtland street and Broadway in the city of Providence which was to be used by the Gulf Oil Corporation. Edmund Ciccone was the general contractor and plaintiff was a subcontractor whose bid for the enamel porcelain facing of the station was accepted. A quotation in writing was sent to Ciccone on May 3, 1957 by plaintiff wherein was set out in detail what it proposed to do and the cost thereof. On the letter are the printed words "Accepted By:" and to the right of those words in writing the words "Professional Realty, Inc. Vincent J. Oddo, Jr., Pres., Treas." Still farther below on the page are the words "Terms: Net 10 Days — Total to be secured in escrow."

Thereafter the station was completed satisfactorily and plaintiff submitted a bill for its work to Ciccone. Somewhat later Paul R. Shanning, plaintiff's New England manager, talked to Dr. Oddo by telephone and asked him to make payment on the contract that was signed. Doctor Oddo said that if he would send him a copy of the bill that had been sent to Ciccone on September 17, he would pay it. Thereafter a bill was sent to Dr. Oddo, who then wrote to plaintiff that the bill would be paid in the near future when his attorney came to terms with Ciccone. As the bill was not paid the present suit was brought.

The defendant's position is that the trial justice was in error in giving decision for plaintiff, and asserts that the declaration reflects a contention that defendant was primarily liable, which is contrary to the facts in the case.

That defendant is primarily liable is the contention of plaintiff as we understand the latter's position. There can be no question that the same person may be secondarily liable and also primarily liable. In the matter before us defendant intended to be secondarily liable although it does not appear that the corporation ever placed any money in escrow, but it did make itself primarily liable, which is

plaintiff's contention, when its president and treasurer in a letter to plaintiff dated November 18, 1957 stated: "As I am in the process of litigation with Mr. E. Ciccone, the contractor, I have been advised to withhold payment for a short while pending the outcome of this suit. Rest assured this bill will be paid in the near future when my attorney comes to terms with Mr. Ciccone." These words show a clear recognition of liability and an equally clear intention of meeting that liability.

While in the beginning it would appear that plaintiff desired that the compensation for its work be placed in escrow because Ciccone's financial standing was low, it does not appear that this was ever done. Matters drifted along to the fall of 1957. The plaintiff had not been paid, defendant was having difficulty with Ciccone, and it was then that Dr. Oddo in his capacity as president and treasurer of defendant corporation, after receiving the bill, wrote plaintiff that it would be paid in the near future.

The trial justice found that there was an agreement on the part of defendant through its president, Dr. Oddo, to pay plaintiff's bill and we are of the opinion that this finding is supported by the evidence.

We have read the defendant's brief but we find no contention in it which operates against the conclusion that we have reached, namely, an agreement on the part of the defendant to pay directly to the plaintiff for the work done by the latter.

The defendant's exception to the decision is overruled, and the case is remitted to the superior court for entry of judgment on the decision.

*Edwards & Angell, James K. Edwards,* for plaintiff.

*Dick & Carty, Joseph E. Marran, Jr.,* for defendant.